# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

LAURA E. AMERO,

                Petitioner,   :         Case No. 2:25-cv-983


     - vs -                         Chief Judge Sarah D. Morrison
                                              Magistrate Judge Michael R. Merz

ERIN MALDONADO, WARDEN,
  Ohio Reformatory for Women,

                            :
               Respondent.

## REPORT AND RECOMMENDATIONS

This is an action for a writ of habeas corpus under 28 U.S.C. § 2254, brought by Petitioner Laura Amero with the assistance of counsel. Upon initial review under Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules"), the undersigned determined the Petition did not comply with Rule 2(c)(1) and "ordered that not later than September 15, 2025, Petitioner's counsel file an amended petition which sets forth which of Petitioner's constitutional rights are alleged to have been violated and by what act or acts of the state trial court." (Order, ECF No. 2, PageID 19). In response, Petitioner's counsel filed the Amended Petition which is now before the Court for completion of the preliminary review under Habeas Rule 4. Petitioner pleads the following grounds for relief:

> **Ground One:** The imposition of consecutive sentences in this matter was unsupported by Ohio law and violated Petitioner's rights to due process and to have a jury determine all facts necessary for consecutive terms.

1

> **Supporting Facts:** At the time of her sentencing, the record reflected the following: Petitioner had been engaged in a two-tier religious and psychological counseling program. Her psychologist proffered an expert opinion that she was not likely to reoffend. She had expressed genuine remorse and regret for her actions. Petitioner had no prior history of criminal conduct, had a history of full-time employment, had promptly accepted responsibility for her offenses, had no issues with drugs or alcohol, and did not cause or attempt to cause physical harm in committing her offenses.
>
> **Ground Two:** The Ohio Supreme Court's denial of jurisdiction over Petitioner's appeal violated her right to equal protection of law.
>
> **Supporting Facts:** Though the Ohio Supreme Court declined jurisdiction over Petitioner's case on its merits, it accepted jurisdiction in the matter of State v. Polizzi, Ohio Supreme Court Case No. 2024-0312 on substantially similar issues to those raised in Appellant's First and Second Propositions of Law. To the extent that the Ohio Supreme Court decides in Polizzi's favor, on the very issues it declined to address when raised by Petitioner, her right to equal protection has been violated.

(Amended Petition, ECF No. 3, PageID 24-26).

As part of its responsibility under Rule 4, a habeas court should decide whether the petition states a claim upon which relief can be granted. The Advisory Committee Notes to the adoption of Rule 4 in 1976 cite *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), for the proposition that the court should screen out frivolous petitions at this stage and *Aubut v. State of Maine,* 431 F.2d 688, 689 (1st Cir. 1970), for the proposition that "notice pleading" is insufficient. Moreover since the Habeas Rules were adopted, the Supreme Court has abandoned notice pleading as sufficient under the Civil Rules. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Of course in evaluating the pleadings of a *pro se* litigant, the Court is obliged to construe them liberally. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th

Cir. 2001). The Amended Petition here, however, was drafted by counsel and is subject to review under the *Bell Atlantic-Iqbal* standard. Applying that standard the Magistrate Judge concludes the Amended Petition fails to state a claim upon which habeas corpus relief can be granted for the following reasons.

**Ground One: Consecutive Sentencing**

In her first part of her first ground for relief, Petitioner claims the imposition of consecutive sentence in her case was "unsupported by Ohio law." Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring). The question of whether Petitioner's sentence is consonant with Ohio law is, on its face, a question of Ohio law. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995).

In the second part of her first ground for relief, Petitioner asserts she had a due process right to have a jury determine the facts on which the consecutive sentences were based. On its

3

face this raises a claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). However, the Supreme Court has expressly held imposition of consecutive sentences for multiple offenses, based on facts found by the court rather than the jury, does not violate constitutional right to jury trial, since the jury historically played no role in determining consecutive or concurrent sentences and the State had sovereign authority to administer its penal system. *Oregon v. Ice*, 555 U.S. 160 (2009).

Even if on eventual appeal in this case Petitioner were to obtain a reversal of *Ice*, that would not render her sentence unconstitutional since the sentence must be judged by holdings of the Supreme Court at the time the last state court decided the issue. Identifying clearly established federal law is . . . the 'threshold question under AEDPA.'" *Dewald v. Wrigglesworth*, 748 F.3d 295, 299 (6th Cir. 2014)(quoting *Williams v. Taylor*, 529 U.S. 362, 390 (2000). In determining what constitutes clearly established federal law, "we must consult 'the holdings, as opposed to the dicta, of [the Supreme] Courts' decisions as of the time of the relevant state-court decision.'" *Id.* , quoting *Carey v. Musladin*, 549 U.S. 70, 74 (2006). *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir.2005).

Because Ground One does not state a claim for relief under Supreme Court precedent at the time her sentence was affirmed, Ground One should be dismissed with prejudice.

**Ground Two: Denial of Ohio Supreme Court Review**

In her second ground for relief, Petitioner asserts she was denied the equal protection of the laws when the Ohio Supreme Court declined to accept jurisdiction of her appeal from the Eleventh District Court of Appeals, having accepted jurisdiction in *State v. Polizzi*, Ohio Supreme Court Case No. 2024-0312, on substantially similar issues to those raised in Appellant's First and

4

Second Propositions of Law.

Petitioner's Second Ground for Relief is ambiguously pleaded. On its face the Amended Petition asserts the denial of equal protection occurred when the Ohio Supreme Court granted Polizzi's request for review but denied hers. But then counsel writes the Second Ground for Relief is not ripe for review and "will only become ripe upon a decision from the Ohio Supreme Court in Polizzi's favor" (Amended Petition, ECF No. 3, PageID 26).

The Magistrate Judge reads the Amended Petition as asserting the Ohio Supreme Court's violation of the Equal Protection Clause already occurred when it granted Polizzi review and denied Petitioner review. The alternative reading – that the Ohio Supreme Court will violates Petitioner's Equal Protection Rights if, but only if, it rules in Polizzi's favor – does not properly state a claim for reasons discussed below.

The Equal Protection Clause, enacted as part of the Fourteenth Amendment during Reconstruction, proscribes state action which discriminates against certain persons on prohibited bases. The Supreme Court has stated the Clause "embodies the general rule that States must treat like cases alike but may treat unlike cases accordingly." *Vacco v. Quill*, 521 U.S. 793, 799 (1997). The States cannot make distinctions which either burden a fundamental right, target a suspect class, or intentionally treat a person differently from others similarly situated without any rational basis for the difference. *Id.; Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). "[T]he "core purpose" of the Equal Protection Clause [is] "do[ing] away with all governmentally imposed discrimination based on race." *Students for Fair Admissions v. Harvard,* 143 S. Ct. 2141 (2023), quoting *Palmore v. Sidoti*, 466 U.S. 429, 432 (1984). When a state actor bases a decision on race, he or she must justify that decision under strict scrutiny of whether the means are necessary to achieve a valid

5

governmental purpose. Such actions almost never survive strict scrutiny.

Conversely, most state actor discrimination is evaluated on a rational basis test. *Heller v. Doe*, 509 U.S. 312 (1993). It must be sustained if there is a rational basis on which the state actor could have thought that it would serve legitimate state interest. *Id.* at 320. Petitioner does not plead that the Ohio Supreme Court declined jurisdiction in her case on the basis of any suspect classification, e.g., because she was Black and Polizzi is not or because she is a woman and Polizzi is not.

In declining to exercise jurisdiction in this case, the Supreme Court wrote no opinion. Justices Brunner and Donnelly dissented and stressed the general public interest in providing standards for consecutive sentencing, but did not suggest the court was discriminating others who had similar claims. *State v. Amero*, 175 Ohio St. 3d 1447 (2024). Review was granted in *State v. Polizzi*, 175 Ohio St. 3d 1410 (May 14, 2024), with Justices Kennedy and DeWine dissenting, but again no reasons were given.

A habeas corpus petitioner is required to exhaust all available state court remedies which includes direct appeal to the Ohio Supreme Court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 846-7(1999). This means every petitioner must request Ohio Supreme Court review. But in the vast majority of cases, review is declined. This apparently reflects general practice:

> No guidelines direct the court's discretion, and leave to appeal in felony cases is infrequently granted. … In this regard, Ohio's practice is similar to the certiorari practice of the United States Supreme Court.

Wolff, Brogan, and McSherry, Appellate Practice and Procedure in Ohio (2014 edition) § 8.01, citing *Williams v. Rubich*, 171 Ohio St. 253, 254 (1960). As Justice Amy Coney Barrett notes in her book published earlier this month, in the 2022 term the United States Supreme Court received 4,186 certiorari petitions and granted review in fewer than 100 cases. Barnett, Listening to the

6

Law, at 74 (2025).  The typical denial of certiorari is no less curt than denial of Ohio Supreme Court review.  While the certiorari burden at the United States Supreme Court is much heavier, the process in both courts involves the exercise of discretion, constrained only by very general standards.

Of course, discretion can not be exercised in an arbitrary or capricious manner or directed against suspect classes.  Prosecutors are given wide discretion as to which crimes to prosecute.  When reviewing prosecutorial discretion under the Equal Protection Clause, a violation must be found to be the product of unjustified discrimination based upon the defendant's race, religion, or some other arbitrary classification, a violation of the  Equal Protection Clause may exist. *Oyler v. Boles*, 368 U.S. 448, 456 (1962).  "[T]he conscious exercise of some selectivity in enforcement [of a criminal statute] is not in itself a federal constitutional violation.  Even though the statistics in this case might imply a policy of selective enforcement, it was not stated that the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.  Therefore grounds supporting a finding of a denial of equal protection were not alleged." *Oregon v. Hicks*, 213 Or. 619 (1958); cf. *Snowden v. Hughes*, 321 U.S. 1 (1944); *Yick Wo v. Hopkins*, 118 U.S. 356 (by implication); *Oyler v. Boles*, 368 U.S. 448, 456 (1962) (parallel citations omitted). "In order to prove a selective-prosecution claim, the claimant must demonstrate that the prosecutorial policy had a discriminatory effect and was motivated by a discriminatory purpose." *United States v. Armstrong*, 517 U.S. 456, 457 (1996), *citing Oyler v. Boles*, 368 U.S. 448, 456 (1962).

Applying the cited precedent to this case, the Magistrate Judge concludes Petitioner has not pleaded a viable Equal Protection claim.  Therefore Ground Two should also be dismissed.

7

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Amended Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 18, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.