# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

LAURA E. AMERO,

        Petitioner,   :        Case No. 2:25-cv-983

  - vs -                           Chief Judge Sarah D. Morrison
                                    Magistrate Judge Michael R. Merz

ERIN MALDONADO, WARDEN,
  Ohio Reformatory for Women,

                              :

        Respondent.

## DECISION AND ORDER DENYING STAY

This is an action for a writ of habeas corpus under 28 U.S.C. § 2254, brought by Petitioner Laura Amero with the assistance of counsel. It is before the Court on Petitioner's Motion to Stay these proceedings pending the outcome of *State v. Polizzi,* Ohio Supreme Court Case No. 2024-0312. The Ohio Supreme Court's docket indicates oral argument has been scheduled in the case for October 7, 2025, but one can expect considerable post-argument delay in rendering a decision since the Court was divided on whether to hear the case.

The Magistrate Judge has this day filed a Report and Recommendation recommending the Amended Petition in this case be dismissed with prejudice, but that will render the Motion to Stay moot only if Chief Judge Morrison adopts the Report. The Report was rendered in expectation of filing this Decision shortly afterward.

In the Amended Petition, counsel states Petitioner's Second Ground for Relief would not

1

be ripe until or unless *Polizzi* was decided in favor of the appellant in that case. The Magistrate Judge disagrees because the Second Ground for Relief claims that the Ohio Supreme Court has already discriminated against her by granting Polizzi review and denying her request for review. Analyzed in that way, the Second Ground for Relief fails to state a claim upon which habeas corpus relief can be granted.

The alternative reading of the Second Ground is that the Ohio Supreme Court's act of discrimination will come when it grants Polizzi relief since it has already denied Petitioner a hearing in which relief could be granted.

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. *Rhines v. Weber*, 544 U.S. 269 (2005). However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278. "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings." *Id*. It also directed

2

district courts to place reasonable time limits on the petitioner's trip to state court and back.

The whole tenor of *Rhines* speaks to a petitioner's control of her or his case, not to what may happen in a case entirely controlled by other parties. One can readily imagine motions to stay pending hoped-for results in other courts. For example, in *Cullen v. Pinholster,* 563 U.S. 170 (2011), the Court held the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020). Given the stranglehold *Pinholster* places on evidentiary development in habeas cases, there are undoubtedly cases in the system seeking a Supreme Court change of mind on that issue. Granting stays in those cases would create an unimaginable backlog in the District Courts, completely at odds with the desire for finality or the noble goals of the Civil Justice Reform Act.

The stay sought by Petitioner would not further the goals recognized by the Court in *Rhines* and would also be inconsistent with sound habeas corpus practice. The Motion to Stay is DENIED.

September 18, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge