UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LAURA E. AMERO,

   Petitioner,

 v.

ERIN MALDONADO, WARDEN, OHIO REFORMATORY FOR WOMEN,

   Defendant.

:

:

Case No. 2:25-CV-983
Chief Judge Sarah D. Morrison
Magistrate Judge Michael R. Merz

## OPINION AND ORDER

  This is an action for a writ of habeas corpus under 28 U.S.C. § 2254, brought by Petitioner Laura Amero with the assistance of counsel. Under Amended General Order 22-05, the case was randomly referred to United States Magistrate Judge Michael R. Merz. The Magistrate Judge has filed a Report and Recommendation recommending that the Amended Petition be dismissed with prejudice and that Petitioner be denied a certificate of appealability. (R&R, ECF No. 5.) Petitioner has objected to the R&R (Objs., ECF No. 7) and Respondent's time for responding to those Objections has expired. Thus, the Objections are ripe for consideration by the Court.

  If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

1

magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has reviewed the Magistrate Judge's R&R, Petitioner's Objections, and those portions of the record implicated therein, *de novo*, and finds no error in the Magistrate Judge's conclusions or reasoning.

## I. GROUND ONE: CONSECUTIVE SENTENCING

In her first ground for relief, Petitioner claims the imposition of consecutive sentences in her case was "unsupported by Ohio law." The R&R recommends denying relief on this part of Ground One because it states a claim only under Ohio law and federal habeas corpus is limited to deciding claims under federal constitutional law. (R&R, PageID# 41.) Petitioner does not object to this portion of the R&R and the Court agrees with the Magistrate Judge's conclusion on this point. Thus, the Court need not address whether the sentence conforms to Ohio law.

In the second part of Ground One, Petitioner claims she had a due process right to have the jury determine the facts on which consecutive sentencing was based, relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (Am. Petition, ECF No. 3, PageID# 24.) The Magistrate Judge disagreed, noting that in *Oregon v. Ice*, 555 U.S. 160 (2009), the Supreme Court refused to extend *Apprendi* to consecutive sentences. The Magistrate Judge reasoned that under the Court's holding in *Ice*, consecutive sentences can be imposed "on facts found by the court rather than the jury since the jury historically played no role in determining consecutive or concurrent sentences and the State had sovereign authority to administer its penal system." (R&R, PageID# 42). This Court agrees.

To prevail in habeas corpus on an issue decided on the merits by a state court,

a petitioner must show that the state court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). "In order for a federal court to find a state court's application of our precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins v. Smith,* 539 U.S. 510, 520–21 (2003) (internal citations omitted).

Petitioner has not identified any Supreme Court precedent to suggest that the state court's decision here was contrary to, or an objectively unreasonable application of, clearly established Federal law. Instead, she attempts to distinguish the facts of her case from *Ice*, noting that the "analysis utilized in *Apprendi* and its progeny addressed sentences imposed for discrete crimes, rather than for multiple, disparate offenses." (Objs., PageID# 52).

In deciding whether a state court decision is contrary to or an objectively unreasonable application of Supreme Court precedent, lower federal courts are limited to considering the holdings, not dicta, of Supreme Court precedent. *Woods v. Donald*, 575 U.S. 312 (2015) (citing *White v. Woodall*, 572 U.S. 415 (2014)). Petitioner invites this Court to invent dictum in *Apprendi* and then apply that dictum to ignore the clear holding of *Ice*—that *Apprendi* does not extend to consecutive sentences. The Court declines Petitioner's invitation.

In her Objections, Petitioner argues the trial judge found her guilty on two

3

dismissed charges of witness intimidation and then applied that finding to justify consecutive sentences. She claims:

> [T]he trial court, when explaining its decision to impose consecutive sentences, found that Petitioner had engaged in witness intimidation, which "necessarily" led to an inference of "great or unusual harm." This finding absolutely trespassed into the province of jury-determined facts.
>
> Petitioner was originally charged by indictment with offenses which included, *inter alia*, two counts of Intimidation of a Crime Victim, in violation of R.C. 2921.04. She entered a plea of not guilty to those offenses. Though she eventually pleaded guilty to two counts of Sexual Battery and one count of Sexual Imposition, the Intimidation charges were dismissed by the State. As such, those alleged intimidation offenses were never proved beyond a reasonable doubt. Similarly, even to the extent that they were at one point alleged, Petitioner was never provided an opportunity to meaningfully confront any of the State's evidence related to those purported offenses. Nevertheless, the trial court blatantly invaded the province of the jury to not only determine that those crimes had occurred, but also to utilize those unconstitutional determinations of guilt to infer that "great or unusual harm had occurred."
>
> Petitioner submits that, where a trial court unilaterally determines that a defendant is guilty of dismissed charges and then uses those findings as a factual basis upon which to impose consecutive sentences, the rationale presented by *Apprendi*, rather than that utilized by *Ice*, must inform and control any constitutional analysis.

(Objs., PageID# 53). Petitioner provides no citations in the record to support these accusations against the trial court judge. In deciding Petitioner's assignment of error related to consecutive sentencing, the appellate court found:

> {¶7} In April 2019, the Portage County Grand Jury charged Ms. Amero with six counts: (1) & (2) sexual battery, third-

4

degree felonies, in violation of R.C. 2907.03(A)(7) and (B); (3) & (4) attempted sexual battery, fourth-degree felonies, in violation of R.C. 2923.02(A) and R.C. 2907.03(A)(7) and (B); and (5) & (6) intimidation of victim or witness in a criminal case, first-degree misdemeanors, in violation of R.C. 2921.04(A), (D), and (E).

{¶8} In November 2019, the court accepted Ms. Amero's guilty plea to counts one and two, sexual battery, and an amended count three, sexual imposition, a first-degree misdemeanor, in violation of R.C. 2907.06. The court set the matter for a presentence investigation ("PSI") and a sentencing hearing.

**PSI Report**

{¶9} The PSI report revealed per a police report that Ms. Amero engaged in fellatio with a minor student victim during the spring/summer of 2017 in her office as a principal on at least two occasions. She also made sexual advances toward another minor student victim, which included inappropriate grabbing, kissing, and touching on no more than 20 occasions. The information in the police report was confirmed by Ms. Amero's confession to the police.

{¶10} In reporting her mental health history, Ms. Amero advised that when she was in high school, she was diagnosed with depression, anxiety, obsessive-compulsive disorder, and an eating disorder.

**Sentencing Hearing**

{¶11} In February 2020, the court held a sentencing hearing, at which it first reviewed Ms. Amero's Tier III sexual offender classification and requirement of lifetime registration.

{¶12} Defense counsel then spoke on Ms. Amero's behalf and argued points raised in a sentencing memorandum filed with the court several days before. In the sentencing memorandum, defense counsel conceded that the sentencing factors that indicate Ms. Amero's conduct was more serious than conduct normally constituting the

offense included her position of trust and the use of her position to facilitate the offenses.

{¶13} Defense counsel advocated for community control sanctions in lieu of prison, arguing that there were factors that indicated Ms. Amero's conduct was less serious than conduct normally constituting the offense, including the minor victims induced or facilitated the offense, Ms. Amero acted under strong provocation, and she did not expect to cause physical harm. In addition, Ms. Amero has no criminal history, she has never been under a court sanction, she has no drug and/or alcohol dependency issues, she self-initiated counseling with a psychologist and a pastor, she has genuine remorse, she confessed to her crimes when confronted by law enforcement, and she is less likely to reoffend because she can no longer work in the field of education.

{¶14} The state advocated the maximum sentence of imprisonment because Ms. Amero abused her position of trust by violating children, creating life-long trauma for her victims and the victims' parents; she has a demonstrated pattern of being a child sexual predator; and she betrayed the trust of the parents and the community.

{¶15} Ms. Amero also spoke to the court, expressing her remorse to the victims and community, and told the court she would continue to work on her "mental health treatment."

{¶16} The court reminded Ms. Amero that she was the superintendent of one of the poorer districts in the county and that she violated her position of trust and the ethical/moral code it carried, betraying the students she was supposed to protect. The court found Ms. Amero's "mental health issues" disingenuous, noting she "rose to the top of her game."

{¶17} The court then reviewed the sentencing factors, finding a prison term was consistent with the purposes and principles of sentences. The court also found that consecutive sentences were necessary to protect the public from future crimes and to punish Ms. Amero fairly. The court found they were not disproportionate to the

> seriousness of her conduct or to the danger she poses to the public and that at least two or more of the offenses were committed as part of one or more courses of conduct. The court found the harm caused by two or more of the multiple offenses committed was so great or unusual no single prison term adequately reflects the seriousness of the conduct.
>
> {¶18} The court sentenced Ms. Amero to consecutive five-year prison terms on both counts of sexual battery and a concurrent term of 180 days in prison on the count of sexual imposition.

*State v. Amero,* 2024-Ohio-1007 (Ohio App. 11th Dist. Mar. 18, 2024). Factual findings by a state court of appeals are binding in habeas unless shown to be clearly erroneous. *Rushen v. Spain*, 464 U.S. 114, 120 (1983); *Sumner v. Mata*, 449 U.S. 539, 546–47 (1981). Petitioner has offered no evidence that these findings are erroneous.

Petitioner's objections to the R&R's treatment of Ground One is **OVERRULED**.

## II. GROUND TWO: DENIAL OF EQUAL PROTECTION

In her second ground for relief, Petitioner asserts she was denied the equal protection of the laws when the Ohio Supreme Court declined to accept jurisdiction of her appeal from the Eleventh District Court of Appeals, despite having accepted jurisdiction in *State v. Polizzi*, Ohio Supreme Court Case No. 2024-0312, on substantially similar issues to those raised in Appellant's First and Second Propositions of Law.

The Magistrate Judge found there were no facts to suggest the Ohio Supreme Court discriminated against Petitioner on any prohibited basis. Instead, the R&R noted that review by the Ohio Supreme Court is effectively discretionary and that in

7

the Ohio Supreme Court, as in the United States Supreme Court's certiorari practice, that discretion is usually exercised without explanation. This Court agrees.

Petitioner argues that the R&R found that "[Petitioner] has failed to plead a viable Equal Protection claim in the absence of a specific allegation of discrimination or abuse of discretion by the Ohio Supreme Court." (Objs., PageID# 54.) But Petitioner misinterprets the R&R. The Magistrate Judge did not suggest the Ohio Supreme Court's decision would be reviewable for abuse of discretion. Indeed, state court rulings at any level are not reviewable for abuse of discretion. *Sinistaj v. Burt*, 66 F.3d 804 (6th Cir. 1995).

Petitioner acknowledges that the Ohio Supreme Court provided no analysis for its decision to accept review in *Polizzi* and to decline review in hers. She does not acknowledge whether that is a typical practice but instead emphasizes how similar the issues are in the two cases. The Ohio Supreme Court must be asked to grant review in hundreds of cases a year where the appellant claims he or she was convicted on insufficient evidence, a violation of the Fourteenth Amendment. *Jackson v. Virginia* 443 U.S. 307 (1979). But the decision to grant review rests within the discretion of the court. *See Williamson v. Rubich*, 168 N.E.2d 876, 877 (Ohio 1960) ("Whether the question or questions argued are in fact ones of public or great general interest rests within the discretion of the court."). No precedent of the United States Supreme Court or otherwise suggests that the exercise of such discretion would trigger liability under the Equal Protection clause.

8

Petitioner's objections to the R&R's treatment of Ground Two is **OVERRULED**.

### III. CERTIFICATE OF APPEALIBILITY

The R&R concludes by recommending that the Court deny a certificate of appealability. *Id.* at PageID 46. Petitioner objects, arguing:

> [T]he *Ice* decision—which itself effectively contravenes the Sixth Amendment of the United States Constitution and a vast body of related constitutional precedent—was determined by a 5-4 vote with strong dissenting opinions. As such, even if the Court finds *Ice* to be controlling, Petitioner submits that this case presents circumstances under which a certificate should issue to allow reconsideration of that authority by the higher courts.

(Objs., PageID# 51.)

The requirement for a certificate of appealability in habeas corpus cases was enacted by Congress as part of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214) (the "AEDPA"). As enacted 28 U.S.C. §2253(c)(1) required a certificate of appealability to be issued by a "circuit justice or judge" and required a finding that the petitioner had "made a substantial showing of the denial of a constitutional right." The circuit courts quickly devolved initial consideration of such certificates to the district courts. *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997) (adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997). The Supreme Court endorsed that devolution of authority by adopting Rule 11 of the Rules Governing Section 2254 Cases in 2009.

The Supreme Court has adopted a standard to apply to the decision on whether

9

to issue or deny a certificate. When a district court has rejected a constitutional claim on the merits, a movant must show that jurists of reason would find the district court's assessment of the claim to be debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

This standard must be applied considering the state of the law at the time the District Court makes its decision. The law changes as precedents are adopted or overruled. Thus, the question presented in deciding whether to issue a certificate is whether reasonable jurists would find the state of the law as the District Court finds it to be debatable, not whether changing the law is desirable.

Petitioner has not presented the views of any other jurist, reasonable or not, that *Ice v. Oregon* does not apply in this case. Instead, Petitioner relies on the uncorroborated assertion that *Ice* "contravenes the Sixth Amendment of the United States Constitution and a vast body of related constitutional precedent. (Objs., PageID# 51.) But Petitioner offers no support for her position. Instead, she implicitly suggests that because the decision in *Ice* was 5-4, the result must be "debatable." (*Id.*) The Court disagrees.

Trial courts are obliged to follow precedent set by the Supreme Court and Courts of Appeals. "Unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no

10

matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375 (1982); *Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506 (11th Cir. 1987); *Rodriguez de Quijas v. Shearson/ Am. Express, Inc.,* 490 U.S. 477 (1989). The Supreme Court sets precedent by voting. The holding in *Ice* garnered a majority vote and it remains good law. If Petitioner believes *Ice* should be overruled, she may obtain a certificate of appealability from the Sixth Circuit or from the assigned Circuit Justice, but she has not proved her entitlement in this Court.

Petitioner's request for a certificate of appealability is **DENIED**.

## IV. CONCLUSION

Having considered the Magistrate Judge's Report and Recommendation *de novo* in light of Petitioner's Objections, the Court **ADOPTS** the Report and Recommendation (ECF No. 5) and **OVERRULES** Petitioner's Objections (ECF No. 7). The Clerk will enter judgment dismissing with prejudice the Amended Petition. Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability, and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**